JAMES FRYER *vs.* ROBERT PATRICK.

*Jurisdiction of the Court of Appeals—Construction of Deed— Parol Evidence to explain a Written instrument.*

On appeal from a decree reforming a deed on the ground of mistake, the true construction of the deed is before the Court, as well as the sufficiency of the proof of the mistake.

M. and wife mortgaged to P. a lot and buildings, &c., "and also all the household and kitchen furniture in the dwelling on said lot, subject however to the claim of F. *thereupon* for the unpaid purchase money for the portion of said furniture now being delivered." The construction of this clause being in question upon the contention of F. that all the furniture in the house was subject to this claim, it was HELD:

That the nature and extent of F's claim could not be definitely ascertained from this clause, and that extrinsic evidence might be admitted to show what it was.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court. The decree of the Court below, (PINKNEY, J.,) upon the

amended bill was, "that the mortgage filed with the original bill of complaint, marked 'Exhibit A,' be so reformed that the lien or claim of the defendant, James Fryer, for the unpaid purchase money, shall be limited to the furniture supplied by said Fryer to the defendants, Joseph H. Maddox and Laura, his wife. And that the exceptions filed to the auditor's account A, which so limits the claim of said Fryer to the proceeds of furniture supplied by him, be overruled, and the account finally ratified and confirmed."

The cause was argued before BARTOL, C. J., STEWART, BRENT, MILLER, and ROBINSON, J.

*Roger Johnson* and *John P. Poe,* for the appellant.

*William A. Fisher,* for the appellee.

BRENT, J., delivered the opinion of the Court.

The object of the original bill filed in this case, is to procure a proper distribution of the fund, derived from the sale of certain furniture between the appellee, who is complainant below, and the appellant, who is defendant. The distribution involves the construction of a mortgage made to the appellee on the 13th of October, 1870, by Maddox and wife, conveying to him a lot and house, and all the furniture therein. Under a reservation in this mortgage, the appellant claimed he was entitled to a preferred lien upon the whole of this furniture, for a debt due him for such part of the furniture as he had sold and delivered to the mortgagors. The Judge below indicating that his construction of the mortgage was in accordance with this claim, the appellee filed, in the same case, a bill to reform the mortgage, so that the lien of the appellee might be restricted alone to the furniture which he had delivered, upon the ground that such was in fact the pur-

pose and intention of the parties to the mortgage. Upon this bill and the answers, and after proof a decree reforming the mortgage was passed, and the fund ordered to be distributed accordingly. From that decree this appeal is taken.

The counsel for the appellant have addressed the much larger portion of their argument to the sufficiency of proof to authorize a decree reforming the mortgage, insisting that it is the only question presented by the record. In this we do not concur. The decree may be incorrect for either of two reasons. The one may be, that there is no occasion, arising upon a construction of the mortgage, for reforming it in the respect asked for in the bill of complaint ; or it may be erroneous, because, as contended, the proof is not sufficient to establish the right of the party complainant to have it reformed. As Courts of Equity will not pass decrees needlessly, the one question is as vital to the correctness of the decree as the other, and is of consequence equally open upon this appeal. Indeed the construction of the mortgage must be first ascertained and decided, before the Court can possibly say, whether it ought to be reformed upon the proof, and if so, in what respect it is to be reformed.

The particular clause of the mortgage in controversy is the one, in which the property conveyed is mentioned. This property is stated to be a certain lot and buildings thereon with the appurtenances, " and also all the household and kitchen furniture in the dwelling on the said described lot, and now occupied by the said Joseph H. Maddox and wife, *subject however to the claim of James Fryer thereupon*, for the unpaid purchase money for the portion of said furniture now being delivered to said Maddox and wife upon said premises." James Fryer is not a party to this mortgage, and it is clear that it does not confer upon him any rights—as a mortgagee under it. Its only effect is to render the property conveyed subject to

the incumbency of any existing claim or lien which Fryer then had upon it. The nature and extent of that claim cannot be understood with certainty—from the words used. It is conceded by the appellant, that it does not extend to the house and lot. But as all the property conveyed is mentioned in the same clause continuously, why should not the words "subject however to the claim of James Fryer thereupon," have reference to all the preceding property? If he could have exhibited an equitable lien upon all of it, can it be doubted that the language used would have embraced the house and lot as well as any other portion of the property? Or it might be construed to embrace the furniture only, or a portion of it. Either of these constructions would not violate the words of the instrument if in accordance with the lien Fryer actually had. It is thus apparent that the terms of the mortgage do not render clear and certain to what the lien or claim extends, and the only mode in which it can be made to appear certainly and definitely, is to ascertain by parol or extrinsic evidence what his claim upon the property conveyed, really is. To allow this to be done is not doing violence to any rule of evidence. It will not be contradicting the written instrument, but will be applying an existing state of facts to it for the purpose, and to the end of giving it vitality, and making it definite and certain. It strikes us, that the first inquiry, upon construing this clause, is to ascertain the claim of Fryer from other sources than the instrument itself, because it is apparent it must depend upon collateral facts, and that it is left uncertain and undecisive whether the claim extends to all the property conveyed, or a portion of it, or to what portion,—and this cannot be known until the claim or lien is exhibited for examination. If a written instrument is certain and definite in its contents it is the best evidence of the intention and meaning of the parties, but where it is not so it cannot be questioned that extrinsic evidence may be resorted to in aid of its terms

and provisions—not to contradict it, but to explain it. This doctrine is well settled in a late case in this Court, and it is the only authority necessary to refer to in support of it. In *Stockham vs. Stockham*, 32 *Md.*, 207, the Court say, "it is equally a certain and indisputable rule that such evidence (parol or extrinsic) is admissible to ascertain and make certain the parties and subject-matter of an agreement, to apply the contract to its subject, to prove any collateral, independent fact about which the written agreement is silent, to remove what are termed (and often inaccurately termed) latent ambiguities, and as this Court has said in *McCreary vs. McCreary*, 5 *G. & J.*, 157, quoting from *Phillips on Evidence*, 'though an ambiguity, apparent on the face of the instrument, cannot be explained by extrinsic evidence, yet, when a question arises as to the general intention of the parties concerning which the instrument is not decisive, it has been held that proof of independent facts, collateral to the instrument, may be properly admitted.' In all cases of this kind, such evidence is used, not to contradict or vary the instrument, but to aid, uphold and enforce it as it stands. Authorities, of which a multitude exist, need not be cited to sustain propositions so well settled and familiar as these." We have quoted from this case, at some length, because it fully covers the case before us. That the clause of the mortgage in question is not decisive and certain in regard to the claim of Fryer seems to us to be without doubt, and we are equally satisfied that the intention and purpose of the parties to it cannot be ascertained and carried out without the aid of extrinsic evidence. By admitting such evidence to show the true claim or lien of Fryer, as it is clear this mortgage cannot confer upon him any new lien, no wrong will be done to him, while it will equitably give to the mortgagee the property conveyed, incumbered to the extent only that was intended. It is therefore our opinion, that there is no ground for reforming

the mortgage in question, as the appellee can show by extrinsic proof, what was in fact the lien of the appellant upon the property conveyed.

As this proof is in the record, the question arises what is the claim or lien of Fryer? In the conclusion reached by the able Judge below upon this point, we fully concur. We have found nowhere any proof that a lien upon all the furniture conveyed was ever given or promised to the appellant by Maddox. The weight of the testimony establishes that the only lien he had, for his unpaid purchase money, was upon the furniture he had supplied, and which was in the course of being delivered at the time of the execution of the mortgage.

The decree of the Court below will therefore be reversed, in so far as it directs the mortgage, filed as " Exhibit A," with the bill of complaint, to be reformed; and it will be affirmed in so far as it overrules the exceptions to auditor's account A, and ratifies and confirms the same.

*Decree reversed in part,*
*and affirmed in part.*

(Decided 11th March, 1875.)