The following are the prayers, with the action of the lower Court upon each, that the Court directed to be published with the report of the case:
Deft.'s 1st Prayer. — The jury are instructed that there is no evidence in this case legally sufficient to entitle the plaintiff to recover under its first count of the declaration, and their verdict must, therefore, be for the defendant under said first count. (Refused.)
Deft.'s 2nd Prayer. — The jury are instructed that there is no evidence in this case legally sufficient to entitle the plaintiff to recover under its second, third and fourth counts of its declaration, and their verdict must, therefore, be for the defendant under said counts. (Refused.)
Deft.'s 3rd Prayer. — The jury are instructed that there is no evidence in this case legally sufficient to prove that the plaintiff built and completed or caused to be built and completed the sewer referred to in this case from Scott's Cross-Roads along Main Street Extended to the Railroad Cut, and thence to the outlet of the sewer, as provided to be done by the plaintiff in the letter to it of the 18th May, 1903, offered in evidence, and therefore under the pleadings in this case their verdict must be for the defendant. (Refused.)
Deft.'s 4th Prayer. — The jury are instructed that there is no evidence in this case legally sufficient to prove that the sewer along Main Street Extended was so constructed as to take care of the surface water along the line of the same, and therefore, under the pleadings in this case their verdict must be for the defendant. (Refused.) *Page 550 
 Deft.'s 5th Prayer. — The jury are instructed that under the pleadings of this case the burden rests upon the plaintiff to establish by preponderating proof that it built and completed or caused to be built and completed the sewer along Main Street Extended to the railroad cut, and thence to the outlet of the sewer, according to the terms of the letter of 18th May, 1903, and unless the jury are satisfied that said sewer was so built and completed, their verdict must be for the defendant under the pleadings in this case. (Refused.)
Deft.'s 6th Prayer. — The jury are instructed that under the pleadings in this case the burden rests upon the plaintiff to prove by preponderating evidence not only that the sewer was built and completed along Main Street Extended, but was so constructed as to take care of the surface water along the line of the same, and unless the jury are satisfied that it was so constructed, then under the pleadings in this case their verdict must be for the defendant. (Refused.)
The Bel Air Suburban Improvement Association, a body corporate, brought suit against the County Commissioners of Harford County in the Circuit Court for Harford County and recovered a judgment for $930. From this judgment, the defendant has appealed.
The plaintiff's declaration contains a special count on a contract between the parties and also three of the common counts, in assumpsit.
The contract is set out in the first count of the amended declaration and appears from the record to be as follows:
 "Bel Air, Md., May 18, 1903.
 "The Bel Air Suburban Improvement Association.
 "Gentlemen:
 "If your association will build and complete or cause to be completed the sewer from Scotts X-Roads along Main street extended to the railroad cut and thence to the outlet of said sewer, and will cause to be settled the pending injunction proceedings of George M. Lyle *Page 551 
and wife against the County Commissioners and others, the County Commissioners will turn over to you the sewer pipe on the ground along the line of said sewer, and will pay your association upon the completion of said sewer the sum of seven hundred and fifty dollars; provided, that non-residents of Bel Air shall always be entitled to the use of said sewer for drainage purposes at rates not exceeding those paid by citizens of Bel Air, and provided further that said sewer be so constructed as to take care of the surface water along the line of the same.
 "B.F. Hanway, Pres. "Joseph E. Spencer. "George Archer."
The declaration then avers that the sewer mentioned in the agreement was completed during the year 1914, in accordance with the terms of the agreement but the defendant has declined and refused to pay the plaintiff the sum agreed upon, although a demand has been made therefor.
The record contains four bills of exception reserved at the trial of the case, three to the rulings of the Court below on evidence, and the fourth to the refusal of the Court to grant the defendant's nine prayers.
The various contentions which are raised by the exceptions to the rulings of the Court will be disposed of by us in the regular order in which they appear, to have been presented in the Court below and not as set out in the record.
There was no error in the rulings of the Court in the admission of the evidence set out in the first and second exceptions.
The deeds from Richardson to Evans and from the latter to the appellee, and the mortgage from the appellee to the Jarrettsville Building Association were relevant and admissible to aid, uphold and to enforce the contract, and to show a performance by the appellee of the contract to the extent that the Richardson objection to the construction of the sewer had been removed, and that the money had been provided for *Page 552 
without liability resting upon the County Commissioners for the work under the contract. Fryer v. Patrick, 42 Md. 51;Stockham v. Stockham, 32 Md. 196.
The ruling in the fourth exception was correct. The witness Somerville was asked by the counsel for the appellant upon examination in chief the following question: "In your judgment is that pipe there as constructed sufficient to drain the surface water of that road?" The Court sustained an objection to the question and properly refused to allow the witness to answer it. Apart from other objections to this question the witness had not qualified as an expert and his opinion as to whether or not the work was done according to the requirements of the contract was a question which the jury could decide upon the facts without the opinions of witnesses. Balto. Belt R.R. Co. v. Sattler,100 Md. 306; Consolidated Gas Co. v. Smith, 109 Md. 198;Stumore v. Shaw, 68 Md. 11; B. Y. Turnpike Road v.Leonhardt, 66 Md. 78.
This brings us to the exceptions relating to the rulings upon the defendant's nine prayers.
The defendant's first prayer asked the Court to instruct the jury that there was no evidence in the case legally sufficient to entitle the plaintiff to recover under the first count of the declaration and their verdict must therefore be for the defendant under the first count.
This count, it will be seen, was based upon the agreement, as set out in the letter of May 18, 1903, and the prayer ignored entirely the evidence that the contract had been performed by the plaintiff as modified by the County Commissioners in 1914, and the recognition of their liability in furnishing the necessary pipe in 1914 to complete and construct the sewer.
The witness Norris, one of the County Commissioners, testified that in 1914 two or three gentlemen came before the board and asked the board to refurnish or return the pipe. Mr. Wilson, the president of the board, referred the matter to Mr. Shanahan, one of the Commissioners as it was in his district. Mr. Shanahan said: "Gentlemen, I would like to *Page 553 
ask the board to go out and look the condition over." We went out and looked the situation over and the pipe was furnished to complete the work on the sewer.
Mr. Stevenson A. Williams, a witness for the plaintiff, testified: "Mr. Shanahan met the parties interested on the ground, and at the next meeting of the Commissioners we appeared before them and they told us to go ahead, they would order the pipe there, provided we did as we agreed to do to pay the expense of completing it, which we did. The pipe was put down there through the instrumentality of Mr. Hays and Mr. Carroll, and payment was made for it, then we appeared before the County Commissioners, having done as we considered our part of the agreement, and asked for the payment of the money. They made no objection to the way the work had been done, they simply said they did not think they were liable on the old paper. We called attention to the fact that the money was not payable until after the work was done. It took a long time to get the objections away, but it did not influence the County Commissioners, they simply said they would not pay it. I never heard of any complaint at any of the meetings, if there was any, as to the way the work had been done. This $750 has never been paid."
There was also evidence that the defendant waived the stipulation in the contract that the sewer was to be so constructed by the plaintiff as to take care of the surface water along the line of the same, and that the County Commissioners would take care of the drainage and surface water.
In view of the testimony we have set out and the other evidence in the record, it is clear, that the defendant's first, second, third, fourth, fifth and sixth prayers were properly rejected. The Reporter will set out these prayers in his report of the case.
The seventh and eighth prayers present a question of limitations, and these prayers, under the evidence were properly refused. The payment under the contract was to be made upon the completion of the sewer, and the work was not completed and finished until August, 1914. It appears that suit *Page 554 
was instituted within one year after the completion of the work and upon the refusal of the defendant to pay the amount agreed upon. The plea of limitations was in no way a bar and did not apply to the cause of action.
The defendant's ninth prayer undertook to deny a right of recovery on the contract, upon the ground that the plaintiff had failed to secure a written permit from the State Board of Health to construct and complete the sewer, under Chapter 810 of the Acts of 1914.
This statute it will be seen, does not affect the contract between the parties made prior to the passage of the Act, and even if it be assumed, that it applied to the class of construction work, done under this contract, it would not be a valid defense to a suit to recover for a breach of the contract itself. The plaintiff's objection to the granting of this prayer was sustained by the Court below and the prayer was properly refused.
Finding no reversible error in the rulings of the Court, the judgment will be affirmed.
Judgment affirmed, with costs. *Page 555