## ALICE LINK *v.* MADGE WATTS.
[No. 56, October Term, 1927.]

*Decided January 11th, 1928.*

The cause was argued before Bond, C. J., Urner, Adkins, Offutt, Digges, and Parke, JJ.

*Joseph Townsend England* and *J. Cookman Boyd,* for the appellant.

*Walter L. Clark,* with whom was *Roszel C. Thomsen* on the brief, for the appellee.

Urner, J., delivered the opinion of the Court.

The plaintiff in this case was injured when an automobile driven by her son collided with one owned and operated by the defendant at or near the intersection of Park Heights Avenue and Slade Avenue in the suburbs of Baltimore. The occupants of the two cars, who were the only witnesses, differed widely as to the place and circumstances of the collision. According to the testimony on the part of the plaintiff, the car in which she was riding, at a moderate speed, southwardly on the west side of Park Heights Avenue, was about to enter the area of its intersection with Slade Avenue, when the defendant's car, proceeding eastwardly on the north side of that thoroughfare, turned northwardly into Park Heights Avenue to the left of the central point of the intersection, and struck the automobile carrying the plaintiff on its left side. As described by the defendant and a guest in her automobile, the accident happened as the defendant turned her car to the north on the eastern side of Park Heights Avenue after passing beyond and to the right of the point where the center lines of the avenues intersect. The defendant testified that when the impact occurred the car driven by the plaintiff's son was heading southwardly and was partly on the eastern half of Park Heights Avenue, and that the defendant's car was struck on the left rear fender.

The verdict was in favor of the defendant, and the plaintiff has appealed from the resulting judgment.

It is contended that the issue was confused, and the plaintiff's theory of the case ignored, by an instruction, granted at the defendant's request, that under the motor vehicle law of Maryland, automobiles approaching from the right shall have the right of way at intersecting roads, and if the jury believed from the evidence that the automobile of the defendant was approaching to the right of the one in which the plaintiff was riding "and was as close or closer to the intersection as plaintiff's automobile was," then the plaintiff's automobile, under the law, "should have yielded the right of way to the defendant," and the verdict should be for the defendant, unless the jury believed from the evidence that the defendant saw, or by the exercise of reasonable care could have seen, the automobile of the plaintiff, and further believed that the defendant knew, or by the exercise of reasonable care could have known, that the plaintiff's automobile "would not yield the right of way to the defendant," and also believed that the defendant "could then have stopped, turned or slowed down her car so as to have avoided the accident."

The instruction definitely assumed that an intersection collision was under investigation. It made the verdict depend solely upon a consideration of that theory. But the testimony on behalf of the plaintiff tended to prove that the accident happened when both cars were outside the intersection limits and that no question of interference with the defendant's right of way was involved. If, as the witnesses for the plaintiff testified, the car occupied by the plaintiff, before it reached the street intersection, and when it was close to the right margin of Park Heights Avenue, was struck on its left side by the defendant's car as it turned north from Slade Avenue, it could not properly be said, in the language of the instruction, that the plaintiff's automobile should have yielded the right of way. While, upon either of the conflicting theories as to the accident, the defendant's car was closer to the intersection, as the instruction required the jury to find as the basis of a verdict in her favor, yet it was passing from the intersection at the time of the collision, and, according to the plaintiff's proof, was interfering with a forward right of

way to which the driver of her car was entitled. As that theory of the case was not included in the hypotheses which the instruction stated, we are unable to hold that it correctly submitted the issue to be determined by the jury, or that it was not prejudicial. By disregarding the plaintiff's theory, the instruction in effect withdrew it from the jury's consideration, and we have no alternative but to hold that this was injurious error. *Hart v. Leilch,* 124 Md. 77; *Harford County v. Bel Air Sub. Imp. Assoc.,* 134 Md. 548; *Security Storage Co. v. Denys,* 119 Md. 330; *Fast v. Austin,* 135 Md. 1; *Fleischmann v. Clark,* 137 Md. 171; *Adkins v. Hastings,* 138 Md. 454; *Turner v. Eagan,* 116 Md. 35; *Adams v. Somerset County,* 106 Md. 197; *Mt. Vernon Co. v. Teschner,* 108 Md. 158.

> *Judgment reversed, with costs, and case remanded for a new trial.*