DIAMOND INGALLS and JOHN A. WRIGHT *vs.*
LEVI CROUCH and WILLIAM CLEARY.

*The Account filed with the Declaration under sec. 8,
of the Act of 1864, ch. 6, no part of the Plead-
ings in the cause.*

Where a plaintiff, with a view of bringing his case within the provisions
of the Act of 1864, ch. 6, files with his declaration, as the cause of
action, an account verified by affidavit, showing the true amount that
the defendant is indebted to him over and above all discounts, such
account is no part of the pleadings, and should not be allowed to go
into the hands of the jury.

APPEAL from the Superior Court of Baltimore City.

This was a suit instituted by the appellees to recover a bal-
ance claimed to be due for curbing and dimension stone fur-
nished the appellants at sundry times during the year 1869.
With the declaration was filed an account verified by affidavit,
in accordance with the provisions of the Act of 1864, ch. 6.
The defendants pleaded the general issue with an affidavit.
On the day of trial the plaintiffs amended their declaration,
and by consent the pleas theretofore filed, were made applica-
ble to the amended *narr.* After the evidence was closed, the
case was submitted to the jury, by agreement, without argu-
ment. The counsel for the defendants then handed to the
jury the plaintiffs' original and amended declaration without
the account. The Court (DOBBIN, J.,) then said that the
jury were entitled to have the account filed by the plaintiffs
with their original declaration; to which the defendants
objected, but the Court overruled the objection, and allowed
the jury to take the account with them into their room. The
defendants excepted, and the verdict being against them, they
appealed.

The cause was submitted to BARTOL, C. J., STEWART,
BRENT, BOWIE, GRASON, MILLER and ROBINSON, J.

*Samuel Snowden,* for the appellants.

*A. Sharp* and *O. F. Bump,* for the appellees.

BRENT, J., delivered the opinion of the Court.

There is but a single question presented upon this appeal. As the jury was about retiring to consider upon their verdict in the case, the Court below directed the account, with an affidavit of one of the plaintiffs upon it, which had been filed with the declaration as a cause of action under the Act of 1864, ch. 6, relating to Baltimore City, to be handed to them together with the declaration. To this the defendant objected, but the objection was overruled and the jury allowed to take the account with them to their room. This account does not appear to have been offered in evidence at the trial, and the only ground upon which it is claimed there was no error in allowing it to go to the jury is that it constituted a part of the pleadings. Whether it would have been proper to allow them to have taken it, had it been a part of the proof, is not a question before us.

The rule seems to be well established that the jury is entitled to the pleadings in the cause, and the reason assigned for it is that they may be informed what is in issue between the parties. *Mr. Evans, in his work on Maryland Practice,* recognizes the rule as existing in this State, and says, on page 400, "if they (the jury) withdraw from the bar, they have the right to take with them the pleadings in the cause, and the written directions of the Court." At common law the declaration and several pleas, until the case is at issue, constitute what is technically the *pleadings,* and we do not understand that the account, which was given to the jury in this case, can be regarded as a part of them. The special law, under which it was necessary to file it with the declaration at the time of bringing the action, does not make it a part of the pleadings, but a different purpose is contemplated. It is to enable a plaintiff to require the pleas of the defendant to be filed under

oath by a day certain, and, in the event of a failure to do so, to entitle him to a judgment by default. To allow a paper of this sort, with the affidavit of the plaintiff upon it, to go to the jury, as a part of the pleadings, would be productive of dangerous consequences, and the rule should not be enlarged so as to embrace it. It very clearly could not, under the rules of evidence, be even read to them until after it had been established by proper proof; yet, if they had a right to take it as a part of the pleadings, it would reach them indirectly, without any proof whatever, and might have an influence in shaping their verdict. It is apparent that such was the effect produced by the account given to the jury in this case, for if the several sums, shown by the receipts offered in evidence to have been paid by the defendant, are deducted from the amount of the account, it will be seen that the balance is the precise sum found by the verdict to be due.

We do not think the account should have been allowed to go into the hands of the jury. The judgment must, therefore, be reversed, and the case sent back for a new trial.

*Judgment reversed and*
*new trial ordered.*