## BELL v. STATE

[No. 176, October Term, 1951.]

*Decided May 9, 1952.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*Ellis Levin* and *Abram Joseph,* with whom were *Daniel C. Joseph* and *Malcolm J. Coan,* on the brief, for appellant.

*Kenneth C. Proctor,* Assistant Attorney General, with whom were *Hall Hammond,* Attorney General, and *Anselm Sodaro,* State's Attorney for Baltimore City, on the brief, for appellee.

MARKELL, J., delivered the opinion of the Court.

This is an appeal from a judgment and sentence on conviction, by the verdict of a jury, of possession of lottery tickets and other records. Defendant's contentions are, (1) that a search warrant, being undated, was invalid and should have been quashed, and the evidence obtained under it should have been excluded, (2) that certain prayers of defendant should have been granted and (3) that after the jury had retired, the court, at the request of the jury, over objection by defendant, sent the exhibits to the jury room.

The search warrant was dated "this —— day of June", 1951. It recites watchings of the premises on

June 16, 1951 and June 18, 1951. The affidavit was dated June 22, 1951. The search was made on June 22, 1951. Art. 27, sec. 306 of the Code, as amended by Chapter 81 of the Acts if 1950, provides that any search or seizure, under the warrant, "shall be made within fifteen (15) calendar days from the date of issuance thereof and after the expiration of said fifteen (15) day period said warrant shall be null and void". On its face the warrant shows that the "date of issuance" must have been not earlier than June 18, 1951 or later than June 22, 1951, and that the Act of 1950 had been complied with. Counsel has argued learnedly and earnestly that an undated search warrant is invalid, but without citing any authority, in this state or elsewhere, directly (or, we think, otherwise) in point. We have carefully considered this argument and the authorities cited. We are satisfied that omission to date the warrant was an immaterial clerical error, which violated no requirement of the constitution or the act and did not invalidate the warrant. If the legislature had intended that "an undated search warrant shall be null and void", it would have been easy to say so—in 1939 or in 1950. Such a provision would have given a loophole for the guilty and no real protection for either the innocent or the guilty. What is said in *Wilson v. State,* 200 Md. 187, 88 A. 2d 564, this day decided, regarding new objections to search warrants, is applicable to the instant case.

The warrant authorized search of the premises 655 Hoffman Street. There is testimony, contradicted by Captain Emerson, who applied for the search warrant, and the officers who with him executed it, that on the day of the search, before searching the premises 655 Hoffman Street, the officers broke in the house next door, No. 653. Defendant contends that before Captain Emerson got the warrant for No. 655, he must have got a search warrant for No. 653, and after he had searched No. 653 he got the warrant for No. 655. There is no evidence of any of these alleged facts. When asked on

cross-examination, Captain Emerson testified that he did not obtain any warrant for search of No. 653. He also testified that he had the only search warrant at the time of the search. Defendant contends that the jury could infer the alleged facts mentioned from the fact (if found to be a fact) that the officers broke in No. 653. By his second, fourth, fifth and ninth prayers defendant asked the court to rule (2) that in weighing the testimony the jury may take into consideration that a police officer may arrest without a warrant for a misdemeanor committed in his presence, in considering any testimony tending to show that any such misdemeanor occurred in the presence of any officer without immediate action on his part, and (9) that unless they find that at the time of entry of No. 655 the officers were in possession of a valid search warrant, issued before the entry, their verdict must be "Not Guilty". Defendant says his fourth and fifth prayers are variants of the ninth. They elaborate in more detail alleged facts above mentioned but not supported by evidence. Judge Sherbow, in his charge to the jury, said, "Now, the defense offers you this evidence: that the police officials went to the property next door first, and that is offered to you on this basis, that if the police officials who testified in this case did not tell the truth about that, then you ought not to believe what they have said about the rest of the case, on the theory that their testimony is unworthy of belief, and therefore there is no credible evidence before you. If you find that you do not believe the testimony of the police officers who have testified in this case as to what they found in the premises when they arrived there on June 22nd, if you do not believe it, then your verdict should be not guilty. I put it the other way, because the burden is on the State. If you find beyond a reasonable doubt that he did have them in his possession on that date, then your verdict would be guilty on the fourth and fifth counts, because also you will remember the burden lies with the State, it never shifts to the defendant." We think the charge adequately covered the ma-

teriality and relevance (if any) of the testimony regarding No. 653, *i.e.*, none at all except as affecting credibility. By the fourth, fifth and ninth prayers the court was asked to instruct the jury regarding facts of which there was no evidence at all. They were properly refused.

The point made by the second prayer is not new to us. (*Hayette v. State,* 199 Md. 140, 144-145, 85 A. 2d 790, 792.) Defendant was not entitled to such an instruction. An officer's credibility is not necessarily impugned if, while watching for evidence, he does not make an arrest at the first sight of a misdemeanor committed in his presence.

After the jury had retired, they returned and asked for all the exhibits in the case. Judge Sherbow allowed all the exhibits to go to the jury (not including the search warrant). Objection by defendant was overruled. The judge offered to send the search warrant if defendant wanted it to go.

Mr. Poe, in his work on *Practice,* said the jury might take with them "the pleadings and the court's instructions, but no other papers whatsoever, except by consent of counsel." § 328. In his Fourth Edition (1906) he also said, "Although the practice is as stated in the preceding section, there is no statutory provision regulating it, and hence the court may exercise a discretion in the matter, should special circumstances arise, calling for a departure from the ordinary rule", and briefly discussed *Moore v. McDonald,* 68 Md. 321, 12 A. 117 and *Hitchins v. Frostburg,* 68 Md. 100, 11 A. 826. § 328 A. In *Cahill v. Baltimore,* 129 Md. 17, 25-26, 98 A. 235, 238, this court said, "Although it is not provided by statute in this State what papers the jury shall take with them into the jury room, when about to consider their verdict, the practice has been that they take the pleadings and instructions, but no other papers whatever, except by consent of counsel. *Poe's Practice,* sec. 328; *Evans' Practice,* p. 401. * * * The rule stated above has been modified, in some States by statute, and in others by judicial decisions, and now by the great

weight of authority, in the absence of a statute, whenever it is desired that papers shall be given to the jury, without the consent first had of the other side, the question is one left exclusively to the discretion of the trial court. It is said in 38 *Cyc.* 1832: 'Whether or not permission shall be given to the jury to take out books, papers or documents, and the determination as to what papers shall be taken out by the jury, is very generally held to be a matter resting in the sound discretion of the court, which is not reviewable except where there has been an abuse of such discretion.' This court in *Hitchins v. Frostburg,* 68 Md. 100, held that notwithstanding the practice had been to send the pleadings out with the jury, the refusal of the lower court to permit the declaration to be taken by the jury was not the subject of exception or review, for the reason that it was a matter resting exclusively in the discretion of the trial court." In *Delcher v. State,* 161 Md. 475, 158 A. 37, the state's attorney, during his closing argument, in the presence of opposing counsel but without objection, handed the foreman of the jury a piece of paper on which was typewritten a list of the indictments and the counts on which the state asked conviction. This court said, "Without expressing our approval of the practice in so doing, it would seem that it was within the discretionary power of the trial court to permit the paper to be handed to the jury, as above stated; and, had objection been seasonably made, an opportunity would have been afforded the court to pass upon the same, and, had it sustained the objection, the alleged wrong would have been averted." 161 Md. 492, 158 A. 44. It may be conceded that the language quoted from the *Cahill* and *Delcher* cases was broader than the actual decisions in those cases. It may also be that in the last thirty-five years the actual practice in this state has been more nearly in accord with Mr. Poe's original statement than with the statements in the *Cahill* and *Delcher* cases. Those statements, however, were careful and deliberate, and the rule so stated is so obviously sensible that we see no reason whatever

for repudiating or narrowing it. Judge Sherbow did no more than this court has at least twice said it was in his discretion to do. There was no abuse of discretion.

*Judgement affirmed, with costs.*