# IN RE: STEPHEN K.

[No. 81, September Term, 1980.]

*Decided January 14, 1981.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*Alexander J. Crow,* with whom was *John Noble* on the brief, for appellant.

*Judith K. Sykes, Assistant Attorney General,* with whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellee.

MURPHY, C. J., delivered the opinion of the Court.

The issue in this case is whether Maryland Code (1974, 1980 Repl. Vol.), § 3-830 of the Courts and Judicial Proceedings Article authorizes a juvenile court to order the parents of a person under its jurisdiction to pay for that individual's support after he has reached eighteen years of age.

Section 3-830, one of thirty-four sections in the "Juvenile Causes" subtitle of the Courts Article, provides:

> "After giving the parent a reasonable opportunity to be heard, the court may order either parent or both parents to pay a sum in the amount the court directs to cover the support of the *child* in whole or in part." (Emphasis supplied.)

Section 3-801 entitled "Definitions" provides in subsection (a) that:

> "In this subtitle, the following words have the meanings indicated, unless the context of their use indicates otherwise."

Section 3-801 (d) defines the word "child" to mean "a person under the age of 18 years."

## I

Prior to his eighteenth birthday, Stephen K. was determined to be a "child in need of supervision" by the District Court of Maryland, sitting as a juvenile court in

Montgomery County. He was committed to the custody of the Juvenile Services Administration of the Maryland Department of Health and Mental Hygiene and was placed in a shelter home. Pursuant to § 3-830, the court ordered Stephen's parents to pay a designated sum for his support. On January 13, 1980, Stephen became eighteen years of age, and his parents declined to make further support payments. They maintained that under § 3-830 they were obligated to make support payments only "to cover the support of the child," and that under § 3-801 (d) a "child" is a person under the age of eighteen years.

The juvenile court disagreed with the parents' position; it held that notwithstanding the statutory definition of the word "child" in § 3-801 (d), that definition was not applicable to the parental support obligation imposed by § 3-830 so long as the individual remained under the jurisdiction of the juvenile court.[1] The court ordered that the parents continue to pay for Stephen's support and they appealed. We granted certiorari prior to decision by the Court of Special Appeals to consider the important question raised in the case.

In support of the juvenile court's ruling, the Attorney General argues that the definition of the word "child" in § 3-801 (d) as a person under eighteen years of age is not free from ambiguity. He so concludes on the ground that § 3-801 (a) expressly contemplates that the meaning of the word "child" is controlled by the "context" of its use and that it is clear from various sections of the subtitle that that term is not limited to a person under eighteen years of age. The Attorney General suggests that the word "child," as used in § 3-830 in connection with the parental duty of support, has a special meaning — "that of relationship to the parent, . . . the most appropriate word to use where it is a parent and child relationship upon which the power given to the court

---

1. Section 3-806 (a) provides:

   "If the court obtains jurisdiction over a child, that jurisdiction continues until that person reaches 21 years of age unless terminated sooner."

to order support depends." We are urged to examine § 3-830 in the broad context of the Juvenile Causes subtitle as a whole, and thereby to conclude that the statutory definition of a "child" in § 3-801 (d) as a person under eighteen years of age applies to provisions where acquisition of jurisdiction over the child is involved, but not to provisions like § 3-830, "setting forth purposes, procedures, rights of the child, or remedies available to the court with respect to a child once that jurisdiction had been obtained." According to the Attorney General, this is the only logical conclusion which can be drawn from the fact that under § 3-806 (a) of the subtitle ( *supra,* footnote 1), a juvenile court's jurisdiction over "a child," once acquired, is retained until the person reaches the age of twenty-one. He points out that the retention of jurisdiction over a "child," as provided for in § 3-806 (a) up to the age of twenty-one years, would be meaningless if the court's powers of adjudication and disposition were inapplicable to persons over the age of eighteen. Referring to various sections of the subtitle pertaining to adjudication and disposition of juvenile cases in which the word "child" is used, the Attorney General maintains that they manifestly are not limited to persons under eighteen. He draws attention to § 3-802, using the word "child" in setting forth the purposes of the subtitle; § 3-818, providing for study and examination of a "child" after a juvenile petition has been filed; § 3-819 (b), requiring proof of allegations in the petition that the "child" is delinquent; § 3-820, using the word "child" throughout the disposition section; § 3-824, setting forth the effects of adjudication and disposition as to the "child"; § 3-826, providing for progress reports pertaining to a committed "child"; and § 3-828, providing for confidentiality of the records of a "child."

Stephen's parents argue that there is no ambiguity in the meaning of the word "child," as used in § 3-830; that it means what § 3-801 (d) says it means, *i.e.,* a person under eighteen years of age. This is consistent, they maintain, with the parental support obligation contained in other statutes, *i.e.,* Maryland Code (1957, 1980 Repl. Vol.), Art. 43, § 601 (b) (1) and Code (1957, 1979 Repl. Vol.), Art. 59, § 3 (k),

which limit the financial responsibility of parents for persons in state health facilities to those under the age of eighteen. The legislature plainly intended, the parents claim, that parents of persons over eighteen not be held financially responsible under § 3-830 for state-provided treatment services and that this conclusion is consistent with Code (1957, 1978 Repl. Vol.), Art. 72A, § 1, which provides that parents are charged with the support of their children only until they reach their eighteenth birthday.[2]

## II

As we have indicated countless times, the cardinal rule of statutory construction is to ascertain and effectuate the legislative intent. *Koyce v. State Central Collection Unit,* 289 Md. 134, 422 A.2d 1017 (1980); *Cider Barrel Mobile Home v. Eader,* 287 Md. 571, 414 A.2d 1246 (1980). The primary source for determining that intent is found in the language of the statute itself, and where no ambiguity exists there is no need to look beyond the language used to determine the legislative intent. *Koyce, supra; John McShain, Inc. v. State,* 287 Md. 297, 411 A.2d 1048 (1980). Of course, when construing a provision such as § 3-830, which is part of a single statutory scheme, the legislative intention must be gathered from the entire statute, rather than from only one part. *North Charles Gen. Hosp. v. Empl. S. Adm.,* 286 Md. 115, 405 A.2d 751 (1979); *Height v. State,* 225 Md. 251, 170 A.2d 212 (1961).

We note that subsequent to the enactment of the current Juvenile Causes subtitle of the Courts Article by ch. 554 of the Acts of 1975, the legislature, by ch. 463 of the Acts of 1976, amended § 3-805 (a) and § 3-806 (a) by replacing the word "child" with the word "person." [3] We think it apparent

---

**2.** Also to be noted are the provisions of Maryland Code (1957, 1976 Repl. Vol., 1980 Cum. Supp.), Art. 1, § 24 lowering the "age of majority" from twenty-one to eighteen years, and making persons eighteen years or older "an adult for all purposes whatever."

**3.** Section 3-805 (a) now provides that:

"If a *person* is alleged to be delinquent, the age of the *person* at

from these amendments that the legislature is well aware of the restrictive definition of "child" in § 3-801 (d) as a person under eighteen years of age. The legislature has not amended § 3-830, however, and despite the able and well-presented argument of the Attorney General to the contrary, we are unable to conclude that an interpretation of § 3-830 which limits the parental support obligation to persons under eighteen years of age is inconsistent or incompatible with the statutory definition of a "child" in § 3-801 (d). In other words, considering the Juvenile Causes subtitle as a whole, there is nothing in the contextual usage of the word "child" in § 3-830 which would "[indicate] otherwise," as required by § 3-801 (a), than that "child" means a person under the age of eighteen years.

*Judgment reversed, with costs.*

---

the time the alleged delinquent act was committed controls the determination of jurisdiction under this subtitle." (Emphasis supplied.)

Section 3-806 (a) states that:

"If the court obtains jurisdiction over a child, that jurisdiction continues until that *person* reaches 21 years of age unless terminated sooner." (Emphasis supplied.)