4 A.3d 499

**Tracy Wendell ADAMS,**

v.

**STATE of Maryland.**

**No. 13, Sept. Term, 2009.**

Court of Appeals of Maryland.

Sept. 3, 2010.

586

George E. Burns, Jr., Asst. Public Defender (Nancy S. Forster, Public Defender, of Baltimore, MD), on brief, for Petitioner.

Brenda Gruss, Asst. Atty. Gen. (Douglas F. Gansler, Atty. Gen. of Maryland, of Baltimore, MD), on brief, for Respondent.

Argued before BELL, C.J. HARRELL, BATTAGLIA, GREENE, MURPHY, ADKINS and JOHN C. ELDRIDGE (Retired, specially assigned), JJ.

BELL, C.J.

## I.

Tracy Wendell Adams, the petitioner, was charged both with possessing cocaine and distributing it to a Salisbury Police Department police officer, who was working undercover, in Salisbury, Wicomico County. The drug transaction was video recorded, although, because he never went to the passenger side of the undercover vehicle, where the video camera was situated, only the voice, and not the image, of the seller was reflected on the videotape. The petitioner was tried by jury in the Circuit Court for Wicomico County. Officer Drewer, the undercover officer, testified as to the authenticity and the contents of the videotape and, upon his sponsorship, the videotape was admitted into evidence. With regard to the petitioner's involvement in the drug transaction, he testified that the petitioner, whom he identified by description, in court and by photographic array, was the person who sold him the cocaine.

After all the evidence was in, the jury had been instructed and just before it was excused to begin deliberating, a juror inquired, "Judge Truitt, can we take the evidence with us?" The trial judge responded: "I'm going to send it in there." The jury retired to deliberate.

Twenty-four minutes after the jury retired to begin deliberations, "the jury sent a note requesting to see the videotape that had been admitted as [an] [e]xhibit," *Adams v. State,* 183 Md.App. 188, 201, 960 A.2d 1215, 1222 (2008), prompting the following colloquy:

"THE COURT: Mr. [Bailiff], you say you have a note.

"[BAILIFF]: They want to see the video.

"THE COURT: No.

"[DEFENSE COUNSEL]: No?

"THE COURT: No.

"[DEFENSE COUNSEL]: Your Honor, if the video is part of the evidence—

"THE COURT: That's right.

"[DEFENSE COUNSEL]: You didn't want to let them look at it again?

"THE COURT: You want them to take all the witnesses in there and hear from them again? What's the difference? Hearing none. Tell them they will have to recall or you can bring them in and I'll tell them.

"[BAILIFF]: Bring them out?

"[DEFENSE COUNSEL]: Your Honor, that's like saying you can't look at a document again. It's been admitted.

"THE COURT: It's singling out testimony. . . .

(Whereupon the jury returned to the courtroom.)

"THE COURT: [Jury Foreman], what was the question?

"[JUROR FOREMAN]: If we could view the tape again.

"THE COURT: You'll just have to recall—

"[JUROR FOREMAN]: Okay.

"THE COURT:—what you saw.

"[JUROR FOREMAN]: Okay, that's fine.

"THE COURT: I can't single out any testimony. Then I'd have to let each witness come in.

"[JUROR FOREMAN]: Oh, I see. Okay."

█ The petitioner was found guilty and sentenced to twenty years imprisonment. On appeal, the Court of Special Appeals affirmed the judgment of the Circuit Court, concluding that the trial judge did not abuse his discretion because the "trial court articulated an acceptable reason for refusing the jury's request." *Adams*, 183 Md.App. at 206, 960 A.2d at 1225. The intermediate appellate court elaborated:

"[T]he trial court made a discretionary determination that allowing the jury to have the videotape of the alleged incident would overemphasize it. . . . [W]e are not persuaded that the trial court abused its discretion in making that determination."

*Id.* at 205, 960 A.2d at 1225. We granted the petitioner's petition for writ of certiorari, *Adams v. State*, 407 Md. 529, 967 A.2d 182 (2009), to answer the question: whether the trial judge erred in refusing to permit the jury to review the videotape of an alleged drug transaction which had been admitted into evidence. We shall answer that question in the affirmative and, thus, hold that, where, as here, evidence has been admitted and the trial judge has not made a good cause determination as to its appropriateness to be taken into the jury room, the trial judge abuses his or her discretion when he or she thereafter denies the jury the right to review that evidence in the jury room. Accordingly, we shall reverse.

## II.

The issue to be resolved in this case is which section of Rule 4–326, "Jury—Review of Evidence—Communications," applies when the jury asks to review an exhibit, which has been admitted into evidence, but has not been, although the court indicated to the jury that it would be, sent to the jury room. The question thus presented is one of Rule construction, the precepts of which are well established:

"The primary goal of statutory interpretation is 'to ascertain and effectuate the intention of the legislature.' *Oaks v. Connors*, 339 Md. 24, 35, 660 A.2d 423, 429 (1995). The familiar point of departure for statutory interpretation is the plain language of the statute itself. *Stanford v. Maryland Police Training & Correctional Comm'n*, 346 Md. 374, 380, 697 A.2d 424, 427 (1997). When construing a statutory provision within a single statutory scheme, we must consider the statutory scheme as a whole to determine the legislative intent. *See Marsheck v. Board of Trustees of the Fire & Police Employees' Retirement System of the City of Baltimore*, 358 Md. 393, 403, 749 A.2d 774, 779 (2000);

*Government Employees Ins. Co. v. Insurance Comm'r,* 332 Md. 124, 131–32, 630 A.2d 713, 717 (1993); *In re: Stephen K.,* 289 Md. 294, 298, 424 A.2d 153, 155 (1981). The same principles which are applied in statutory interpretation apply with equal force to our interpretation of the Maryland Rules. *See Johnson v. State,* 360 Md. 250, 264, 757 A.2d 796, 804 (2000)."

*In re Mark M.,* 365 Md. 687, 711, 782 A.2d 332, 346 (2001).

At the time of trial, Maryland Rule Section 4–326 provided [1]:

"(a) Jurors' notes. The court may, and upon request of any party shall, provide paper notepads for use by jurors during trial and deliberations. The court shall maintain control over the jurors' notes during the trial and promptly destroy the jurors' notes after the trial. A juror's notes may not be reviewed or relied upon for any purpose by any person other than the juror. If a juror is unable to use a notepad because of a disability, the court shall provide a reasonable accommodation.

"(b) Items taken to jury room. Jurors may take their notes with them when they retire for deliberation. Unless the court for good cause orders otherwise, the jury may also take the charging document and exhibits which have been admitted into evidence, except that a deposition may not be taken into the jury room without the agreement of all parties and the consent of the court. Electronically recorded instructions or oral instructions reduced to writing may be taken into the jury room only with the permission of the court. On request of a party or on the court's own initiative, the charging documents shall reflect only those charges

---

1. In 2007, Maryland Rule 4–326 was amended, and "the December 4, 2007 Order, effective January 1, 2008," made the following changes: "in (a) [the Court] substituted 'sworn jurors, including any alternates' for 'jurors' in the first sentence and made minor linguistic changes, deleted 'juror's' before 'notes' or variants in the second and third sentences, substituted 'author' for 'juror' in the third sentence, and added 'sworn' in the fourth sentence; in (b) [the Court] added 'Sworn' at the beginning and made linguistic changes in the second and fourth sentences." *See* Md. Rule 4–326, "Effect of amendments."

on which the jury is to deliberate. The court may impose safeguards for the preservation of the exhibits and the safety of the jurors.

"(c) Jury request to review evidence. The court, after notice to the parties, may make available to the jury testimony or other evidence requested by it. In order that undue prominence not be given to the evidence requested, the court may also make available additional evidence relating to the same factual issue.

"(d) Communications with jury. The court shall notify the defendant and the State's Attorney of the receipt of any communication from the jury pertaining to the action as promptly as practicable and in any event before responding to the communication. All such communications between the court and the jury shall be on the record in open court or shall be in writing and filed in the action. The clerk or the court shall note on a written communication the date and time it was received from the jury."

Although section (d) certainly is relevant to the question we are called upon to answer and, indeed, was in play in this case, as it prescribes the manner in which jury communications are to be handled, it does not address either what the jury may take to the jury room during deliberations, what it is privileged to review without court permission or when it must seek court permission to review evidence. Section (a) is not implicated by the issue presented in this case; it involves a discrete matter, juror notes, their control and use, that is in no way pertinent to its resolution. Thus, the sections relevant to the issue we are to address are sections (b) and (c).

Section (b) covers what the jury is permitted to have in the jury room when deliberating. With the exception of juror notes, for which there is no condition, the determination of what will accompany the jury when it retires for that purpose is entrusted to the trial judge. Thus, the charging document and, with the exception of depositions, exhibits admitted into evidence may be taken into the jury room during deliberations, "[u]nless the court for good cause [2] orders otherwise."

---

2.  We have defined "good cause" as:

Depositions require "agreement of all parties and the consent of the court." "[O]nly with the permission of the court," may a jury have "electronically recorded instructions or oral instructions reduced to writing . . . taken into the jury room."

Section (c) applies to requests by the jury to review evidence to which it does not have access. Such evidence would include "testimony," specifically identified in the Rule, and "other evidence." The latter reference necessarily suggests that it contemplates and refers to evidence that was not admitted into evidence as an exhibit, *i.e.*, evidence that was not allowed to be taken to the jury room pursuant to section (b).

We think it important to discuss the history of the Rule. The Maryland Rule which governs what may accompany a jury once it begins to deliberate derives from common law. The predecessor to Rule 4–326 was Rule 757, promulgated by this Court, on recommendation of the Rules Committee, on September 15, 1961, to take effect, January 1, 1962. *See* Twentieth Report Rules Order (Sept. 1, 1961). Rule 757 did not expressly address what the jury may take to the jury room; instead, for that purpose, it referred to Rule 558, its civil equivalent. Rule 757 provided: "The provisions of Rule 558 (Jury Room–What May Be Taken to) shall apply to a criminal case." Therefore, we must start our historical review with the history of Rule 558.

Rule 558 was enacted in 1956 and took effect January 1, 1957. *See* Twelfth Report Rules Order (July 18, 1956). "Prior to the adoption of Rule 558, the case law in Maryland left to the trial court's discretion the question of what the jury was

---

" 'Substantial reason, one that affords a legal excuse. Legally sufficient ground or reason. Phrase "good cause" depends upon circumstances of individual case, and finding of its existence lies largely in discretion of officer or court to which decision is committed. . . . "Good cause" is a relative and highly abstract term, and its meaning must be determined not only by verbal context of statute in which term is employed but also by context of action and procedures involved in [the] type of case presented.' "
*In Re Robert G.*, 296 Md. 175, 179, 461 A.2d 1, 4 (1983) (quoting *Black's Law Dictionary*, 623 (5th ed. 1979)).

permitted to take with them upon retiring for their deliberation." *See Rule 558—What The Jury May Take To The Jury Room,* 17 Md. L. Rev, 172, 172 (1957). *See, e.g., Nichols v. Meyer,* 139 Md. 450, 115 A. 786 (1921), *Fleischmann v. Clark,* 137 Md. 171, 111 A. 851 (1920), *Cahill v. Baltimore,* 129 Md. 17, 98 A. 235 (1916), *Moore v. McDonald,* 68 Md. 321, 12 A. 117 (1888). The same approach was applied also to criminal cases. *See Bell v. State,* 200 Md. 223, 88 A.2d 567 (1952). In *Bell,* "after the jury retired, they returned and asked for all the exhibits in the case." *Id.* at 227, 88 A.2d at 569. The trial judge, with the exception of the search warrant, and over the defendant's objection, "allowed all the exhibits to go to the jury." *Id.* On review, this Court relied on the *Cahill v. Baltimore* decision. In *Cahill,* the Court held that:

"[I]n the absence of a statute, whenever it is desired that papers shall be given to the jury, without the consent first had of the other side, the question is one left exclusively to the discretion of the trial court. It is said in 38 *Cyc.* 1832: 'Whether or not permission shall be given to the jury to take out books, papers or documents, and the determination as to what papers shall be taken out by the jury, is very generally held to be a matter resting in the sound discretion of the court, which is not reviewable except where there has been an abuse of such discretion.' "

*Id.* at 25–26, 98 A. at 238; *see also Bell,* 200 Md. at 228, 88 A.2d at 569. The Court of Appeals, in *Bell,* thus, applied the long standing rule that the matter of what papers or objects the jury could take with them upon retiring rested in the sound discretion of the trial court and was not reviewable except where there has been a clear abuse of such discretion.

In 1957, as we have seen, the common law rule was codified as Rule 558. Captioned, "Jury Room–What May Be Taken to," it provided, in relevant part:

"a. *In Court's Discretion.*

"Upon retiring for deliberation, the jury may take with them into the jury room such of the pleadings, granted prayers or written instructions, and exhibits which have

been received in evidence, as the court may deem necessary for a proper consideration of the case.

"b.  *As of Right—Notes.*

"The jury may also take with them notes of the testimony or other proceedings taken by themselves but none taken by any other person.

"c.  *Return to Clerk.*

"All such papers or exhibits, except the notes mentioned in section b hereof, shall be returned to the clerk before the jury is discharged.

"d.  *Exception.*

"A deposition may not be taken into the jury room, except by agreement of all parties and with consent of the court."

According to the "Editor's note," "[t]his Rule [was] new. However, much of section[ ] a . . . is existing case law." Thus, "[t]he new Rule substantially follow[ed] the doctrine enunciated in the *Bell* case[,] that it is within the sound discretion of the trial court what objects and papers may be taken by the jury into the jury room." *Rule 558—What The Jury May Take To The Jury Room,* 17 Md. L.Rev. at 173. *See also Jimmy's Cab, Inc. v. Isennock,* 225 Md. 1, 10, 169 A.2d 425, 429 (1961) ("The adoption of this rule was merely a restatement of the practice in this State.").

Neither Rule 558 nor 757 provided for those instances in which the jury, after deliberations had commenced, made a request to review evidence. On December 29, 1975, the Rules Committee, in the Fifty–Third Report of the Standing Committee on Rules of Practice and Procedure, "recommend[ed] adoption of" its "proposed Maryland and Maryland District Rules, Chapter 700, (Criminal Causes)." [3] This was to be a major revision of the Chapter 700 Rules. Upon adoption, Rule 758 would replace what had been Rule 757.[4] The proposed Rule 758 provided:

---

**3.**  Rule 558 remained the same until it was revised in 1984.

**4.**  The Rules Committee had earlier considered proposing to amend Rule 757 to address those instances in which the jury requested to

"Jury—Review of Evidence—Communications."

"(a) Items Taken to Jury Room. Upon retiring for deliberation, the jury may take into the jury room all exhibits which have been admitted into evidence and charging documents which reflect only the charges upon which the jury is to deliberate, subject only to such safeguards imposed by the court for the preservation of the exhibits and the safety of the jurors.

"(b) Notes. Jurors may take notes regarding the evidence which they may keep with them when they retire for their deliberations.

"(c) Jury Request to Review Evidence. Whenever the jury makes a request for a review of any testimony or other evidence [5], the court, after notice to the parties, may submit the testimony or evidence requested by the jury. The court also may submit other evidence relating to the same factual issue on which the jury requested testimony or evidence in order that undue prominence not be given to the evidence requested."

On January 31, 1977, the Court filed a Rules Order which provided for the rescission of all Rules in Chapter 700 (Criminal Causes) of the Maryland Rules of Procedure and the

---

review evidence, after deliberations had commenced. *See* Minutes of the Criminal Rules Committee Meeting (March 14 and 15, 1975). The amendment proposed to Rule 757 was:

"c. Jury Request to Review Evidence."

"Whenever the jury makes a request for a review of any testimony or other evidence the court, after notice to the parties, may have the requested parts of the testimony communicated to the jury and may permit the jury to reexamine materials admitted into evidence. The court need not submit evidence to the jury for review beyond that specifically requested by the jury, but in its discretion the court may have the jury review other evidence relating to the same factual issue so as not to give undue prominence to the evidence requested."
*Id.*

5. During oral arguments there was an issue as to what the Rules Committee meant when it added the language "other evidence" under Rule 4–326(c). It is apparent that "other evidence" means that evidence which the trial judge did not permit the jury to take with it to the jury room.

promulgation of new Rules, effective July 1, 1977. *See* Fifty–Third Report Rules Order (Jan. 31, 1977). In the final version, the Rules adopted by the Court contained changes to Rule 758 as proposed by the Rules Committee. *Id.* The Court deleted, from section (a), the provision that the jury "may take into the jury room *all* exhibits which have been admitted into evidence," and added that the jury may take exhibits into the jury room, but only with the court's approval (emphasis added). The Rule stated:

> "(a) *Items Taken to Jury Room.* Upon retiring for deliberation, the jury may, *with the approval of the court,* take into the jury room the exhibits which have been admitted into evidence and the charging documents. Upon the request of a party or upon the court's own motion, the charging documents shall reflect only those charges upon which the jury is to deliberate. The court may impose safeguards for the preservation of the exhibits and the safety of the jurors." (emphasis added).

Section (c) was also amended to read:

> "(c) *Jury Request to Review Evidence.* Whenever the jury makes a request for a review of any testimony or other evidence, the court, after notice to the parties, may submit the testimony or evidence requested by the jury. The court also may submit other evidence relating to the same factual issue on which the jury requested testimony or evidence in order that undue prominence not be given to the evidence requested."

That is how the Rule remained until 1984, when the Court, in adopting the Reorganization of the Rules, recommended by the Eighty–Seventh Report of the Standing Committee on Rules of Practice and Procedure, amended Section (a) to its present form. *See* Rules Order (April 6, 1984).

The history of the latter change began in April of 1981, when Judge McAuliffe, formerly a member of this Court, but then a member of the Court of Appeals Standing Committee on Rules of Practice and Procedure, presented, as a part of

the Reorganization process, Rule 2–525, the civil equivalent of Rule 758. As presented, it read:

"What May Be Taken To Jury Room."

"Jurors may take notes regarding the evidence and they may keep the notes with them when they retire for their deliberation. Unless the court for good cause shown orders otherwise, the jury may also take exhibits which have been received in evidence except that a deposition may not be taken into the jury room without the agreement of all parties and consent of the court. Written instructions may be taken into the jury room only when the court, in its discretion, so permits."

*See* Minutes, Court of Appeals Standing Committee on Rules of Practice and Procedure, 41–42 (April 21, 1981). The Rule was accompanied with an explanatory note:

"Reorganization Rule 2–525 differs from present Maryland practice in two respects. First, the proposed Rule, unlike current Rule 558, does not permit pleadings to be taken into the jury room. Second, exhibits other than depositions may be taken into the jury room unless the court for good cause orders otherwise. Current Rule 558 a permits the jury to take only those exhibits which the court may deem necessary for a proper consideration of the case."

Id. at 42. The Rules Committee subsequently voted to adopt the "good cause" language for the then proposed replacement to Rule 758, Rule 4–326(a). The adoption of that phrase largely was due to the Committee's policy recommendation to permit the jury to take the charging document with it as it deliberated. This is reflected in a February 16, 1984 letter to Judge Chasanow, formerly a member of this Court, but then an associate judge of the Seventh Judicial Circuit of Maryland. Judge Chasanow had expressed concerns about sending the charging document in with the jury during deliberations. The Rules Committee explained:

"The shift from 'with the approval of the court' to 'unless the court for good cause orders otherwise' in section (a) of [Rule 4–326] is based on a policy decision that the charging

document should be available to the jury during its deliberations unless it contains harmfully misleading information that justifies its exclusion."

*See* The Court of Appeals Standing Committee on Rules of Practice and Procedure, Letter to the Honorable Howard S. Chasnow (Feb. 16, 1984).

### III.

■ In this case, during the trial, the videotape was marked as an exhibit, offered into evidence and admitted into evidence. After the case had concluded and, as the jury was being released to begin deliberations, the trial judge, in response to an inquiry by the jury with regard to whether it could "take the evidence," indicated that he would "send it in there." Viewed in context and logically, we take the exchange to mean that the exhibits admitted in to evidence were going to be sent into the jury room for its use by the jury during deliberations. Moreover, exhibits sent in with the jury may be used, and, therefore, viewed by the jury as it determines to be appropriate; it may review such evidence at anytime.

The videotape, since it was an exhibit admitted into evidence, would have been included in the "evidence," as to which the jury inquired and to which the judge referred, that was going to be sent back to the jury. As the Rule provides for the taking of the exhibits to the jury room "unless the court for good cause orders otherwise," without a good cause order, based on a finding that, for some reason, an exhibit should not be taken into the jury room, all of the exhibits should have been permitted to be taken. To have been excluded from jury consideration during deliberations, the videotape would have had to be excluded for good cause, prior to the evidence being given to the jury. The record does not reveal any discussion of the need to exclude any exhibits and there certainly is not an order, express or implied, to that effect. So far as the record is concerned, no good cause existed for excluding the videotape and, in fact, just the opposite, the videotape was expected to accompany the jury as it retired to deliberate and to remain with it in the jury room during those deliberations.

■ The petitioner argues that the trial judge exercised his discretion, applying the wrong section of Rule 4–326, section (c), rather than section (b). According to the petitioner, the videotape was an exhibit admitted into evidence, as contemplated by section (b), and not witness testimony or "other evidence" to which section (c) refers. Thus, he says, when the trial judge informed the jury that he could not "single out . . . testimony," necessarily he was relying on section (c), and not section (b), the relevant subsection.

The State argues that the trial judge correctly made his ruling—denial of the jury's request to review the videotape—under the proper section of the Rule, reasoning that Rule 4–326(b) "addresses only the transmission of items to the jury room before the jury begins deliberation," and that any request thereafter falls within section (c). Alternatively, the State submits that the "concern about giving the videotape undue prominence satisfied the 'good cause' standard of subsection (b)."

We agree with the petitioner. The relevant section is (b) and, thus, it was an abuse of discretion for the trial judge to refuse the jury the opportunity to review the videotape as it deliberated.

We construe Rule 4–326(b) as meaning precisely what it says: that, "unless the court for good cause orders otherwise," exhibits admitted into evidence may be taken to the jury room by the jury while it deliberates. For the Rule to have meaning apart from section (c), the "good cause" order must relate to specific exhibits and be made as to it or them prior to the jury being excused to deliberate. Applying this Rule to the instant case, at the very least, the trial judge had to have issued a "good cause" order excluding the subject videotape from the evidence that the jury was permitted to take to the jury room as it deliberated. No such order was issued in this case. In fact, it seems that, if not apparent, objectively viewed, the trial judge intended that the videotape, which was introduced and marked as an exhibit, was to accompany the jury into the deliberation room. The record supports that

interpretation. When asked by the jury if it could "take the evidence," which we interpret to mean, the "exhibits admitted into evidence," the trial judge replied, without making any exception, certainly not for the videotape, that he was "going to send [the evidence] in there." As indicated, the videotape, having been marked as an exhibit and admitted into evidence, qualified as "evidence" and, accordingly, would, and should, be understood as being included in what the trial judge stated would be sent "in there." It follows from this analysis that, pursuant to section (b), the videotape should have been sent to the jury room for use by the jury during deliberations. But for the trial judge's error in not doing what he said he would do, the jury would not have had to request the videotape. In context and logically, the jury was simply asking for something that it should have had in the first place.

We are not dealing here with section (c). Consequently, the test required by that section is inapposite and irrelevant. Section (c) applies only where the request by the jury is for "testimony" or "other evidence," not admitted as an exhibit, and not therefore permitted to accompany the jury to the jury room. The State simply is wrong when it argues that this Court, when it adopted the recommendation of the Rules Committee, intended that there would be two standards governing exhibits, whether or not the trial court makes a good cause determination that an exhibit should be excluded, one applicable, per section (b), if the exhibit, admitted into evidence, makes its way to the jury room, and another, pursuant to section (c), if it does not. Under the State's view of the case, once the jury has retired to deliberate, the undue prominence test applies to any evidence, including exhibits admitted into evidence that have not been ordered excluded from the jury room by a good cause finding made by the court. This Court intended no such dichotomy when it adopted Rule 4–326.

The common practice is that the trial judge determines, prior to the jury retiring to deliberate, what evidence will accompany it to the jury room. In *Raimondi v. State*, 265 Md. 229, 230, 288 A.2d 882, 883 (1972), the petitioner argued

that the trial court committed error "when it permitted transcripts of electronic recordings to be taken into the jury room." The electronic recordings were transcribed because the recordings, at times, were inaudible. *Id.* The transcripts were admitted in evidence. *Id.* at 230, 288 A.2d at 883–84. "At the conclusion of the case, the jury was permitted to take the transcripts to the jury room, over [the petitioner's] objection." *Id.* at 230, 288 A.2d at 884. The petitioner argued "that the trial court erred in permitting the transcripts to go to the jury room because the action was not sanctioned by Maryland Rule 558. . . ." *Id.* In holding that the trial court did not abuse its discretion when it allowed the jury to take the transcripts with it during deliberations, this Court stated:

> "What these arguments overlook is that the transcripts were neither the notes of another nor depositions, but exhibits, which Rule 558 a permits to be taken to the jury room, in the discretion of the trial judge."

*Id.* at 231, 288 A.2d at 884. Now, such exhibits are allowed in the jury room unless ordered otherwise, for good cause. And if allowed in the jury room because no good cause for excluding them has been found, the jury has the right to use them. This standard does not change the right of the jury to have access to the evidence simply because the trial judge inadvertently fails to provide it to the jury when it left to deliberate. In this case, as we have seen, the court agreed to send the "evidence," which included the videotape, to the jury as it deliberated, rendering an application of a standard other than that prescribed in Rule 4–326(b) even more illogical.

No good cause was found, as section (b) of the Rule required, for excluding access by the jury to the videotape for review. The videotape was, as we have explained, an exhibit that had been admitted into evidence; it was not "testimony or other evidence," as contemplated by section (c). Therefore, the trial court erred in treating it as such. Exhibits admitted into evidence may go to the jury room absent some specific reason, *i.e.,* good cause, to exclude them.

■ Lastly, it cannot be argued that the trial judge's error was harmless. We do not, and cannot, know, nor can we assume, what effect the omission of the videotape had on the jury as it deliberated or what effect it would have had, had the jury been able to view the videotape as it wished. *See Dorsey v. State*, 276 Md. 638, 659, 350 A.2d 665, 678 (1976) (where a "reviewing court, upon its own independent review of the record, is [un]able to declare a belief, beyond a reasonable doubt, that the error in no way influenced the verdict, such error cannot be deemed 'harmless' and a reversal is mandated"); *see also State v. Blackwell*, 408 Md. 677, 698, 971 A.2d 296, 308 (2009); *Parker v. State*, 408 Md. 428, 446, 970 A.2d 320, 331 (2009); *Tucker v. State*, 407 Md. 368, 383, 965 A.2d 900, 908–09 (2009).

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO REVERSE THE CIRCUIT COURT FOR WICOMICO COUNTY AND REMAND FOR NEW TRIAL. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY WICOMICO COUNTY.

HARRELL and ADKINS, JJ., dissent.

ADKINS, J., dissenting.

Judge J. Frederick Sharer, long-time trial and then appellate judge, writing for the Court of Special Appeals in this case, emphasized the importance of deferring to the trial court's discretion in matters like this one:

This Court discussed the discretionary nature of items taken into the jury room in *Jackson v. State*, 164 Md.App. 679, 884 A.2d 694 (2005). In that case, the jury asked to hear the testimony of a witness again. The trial court refused the request because the court reporter would have had to transcribe the testimony, which the trial court believed would take too long. Jackson claimed that the trial court "had 'the discretion to have the court reporter read [the] requested trial testimony to the jury.'" *Id.* at 725, 884

A.2d 694 (citing *Veney v. State,* 251 Md. 159, 173, 246 A.2d 608 (1968)). The *Jackson* Court iterated the discretionary nature of the trial court's decision not to allow the jury to hear the witness's testimony again, and the deference to which the trial court's determination is entitled:

> Appellate courts are highly deferential to a trial judge's discretionary determinations. Even in cases in which the appellate court might have deemed it wiser or fairer to have ruled otherwise, it will not presume to substitute its judgment for that of the trial court except in the rare case in which the trial judge has literally abused his discretion. To rule differently than the appellate court might have ruled is not, *ipso facto,* such abuse.

*Jackson, supra,* 164 Md.App. at 725–26, 884 A.2d 694.

*Adams,* 183 Md.App. at 204, 960 A.2d at 1224.

The Court of Special Appeals compared the discretionary decision here to a case in which a trial court refused to permit a videotape of a lineup into the jury room:

> The question presented here is similar to that in *Wright v. State,* 72 Md.App. 215, 528 A.2d 498 (1987), in which the trial court had refused to permit a videotape to be taken into the jury room during deliberations. The tape in that case showed "several different line-up sessions," of which one session was pertinent to Wright's case. *Id.* at 218, 528 A.2d 498. The trial court reasoned that "to allow the jury to view the tape again and again would unduly emphasize that evidence." *Id.* This Court perceived no error:

> > [Wright] relies on the provision in Md. Rule 4–326(a) (which says, among other things) that "[U]nless the court for good cause shown orders otherwise, the jury may also take ... exhibits which have been admitted into evidence ..." into the jury room. As we see it, the "good cause" mentioned in that rule encompasses the reasons articulated by the trial court. We are not persuaded that the trial court was clearly wrong.

> *Id.*

*Adams,* 183 Md.App. at 204–05, 960 A.2d at 1224. Judge Sharer also pointed out that

> [w]hat constitutes "good cause" is a matter entrusted to the discretion of the trial court. *See State v. Price,* 385 Md. 261, 276–77, 868 A.2d 252 (2005) (dealing with good cause for a postponement of trial); ... *Johnson v. State,* 348 Md. 337, 345–56, 703 A.2d 1267 (1998) (whether to permit filing of a belated insanity plea).

*Id.* at 205, 960 A.2d at 1224–25 (one citation omitted).

I agree with the majority that subpart (b) of Rule 4–326 applies, and so there must be "good cause" to exclude particular evidence from the jury room. *See* Majority Op. at 599–602, 4 A.3d 507–09. But videotapes are a special kind of evidence, and certainly replaying one in the jury room runs the risk of overemphasis. *See Wright,* 72 Md.App. at 218, 528 A.2d at 500; *see also Brooks v. Holtz,* 661 N.W.2d 526, 532 (Iowa 2003) (holding that a trial court's determination that additional viewing of a videotape of an accident scene would overemphasize that such evidence was reasonable, and that the court acted within its discretion in refusing to allow the videotape to go into the jury room during deliberations); *State v. Frazier,* 99 Wash.2d 180, 661 P.2d 126, 131 (1983) (recognizing potential for prejudice arising from undue emphasis on a tape recording by repetitive playing).

The majority creates a rule that a trial court must state on the record that a specific videotape will not go into the jury room, and explain its "good cause" reason for that decision, regardless of whether a party or the jurors have inquired. I question whether this is a good rule, or whether it places an unnecessary requirement on already overburdened trial courts. Regardless, application of this rule should not control the outcome on appeal. The jury raised the question, the court answered it, and stated its reasoning on the record. As I indicated above, a concern about overemphasizing what is shown (or not shown) on a videotape if it is replayed before the jury is a legitimate reason to exclude the videotape from the jury room. The trial court did not abuse its discretion in

so ruling. Accordingly, I would affirm the judgment of the Court of Special Appeals.

Judge HARRELL authorizes me to state that he joins in the views expressed in this opinion.